**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
<u>**CASE NO. 16-20046-CR-SCOLA**</u>

**UNITED STATES OF AMERICA**

**vs.**

**CESAR T. LOPEZ,**

        **Defendant.**
_____/

<u>**STIPULATED FACTUAL PROFFER**</u>

The United States hereby states that, had this case gone to trial, it would have proven the following facts beyond a reasonable doubt:

In December 2016, a DEA confidential source (CS) identified a possible distributor of heroin. On December 14, 2015, the CS met with a Hispanic male, later identified as Cesar T. LOPEZ, at the Aventura Mall in Miami, Florida, as arranged by a mutual third party associate. During this meeting, the CS and LOPEZ agreed to conduct a transaction for heroin at a later date and exchanged contact information. Between December 14, 2015 and January 11, 2016, the CS and LOPEZ engage in text message conversations regarding future meetings and a future drug transaction.

On January 8, 2016, LOPEZ and the CS met at the Dadeland Mall in Miami, Florida. DEA Special Agents witnessed and recorded this meeting. During the meeting the CS and LOPEZ discussed a heroin transaction and LOPEZ agreed to advance the CS approximately one kilogram of heroin to take with her to test the quality of the heroin. The price for this kilogram of heroin was approximately $54,000.00. Following the meeting, agents observed LOPEZ follow the CS to her vehicle. LOPEZ then called an associate to drive to LOPEZ's location in

the parking lot.  Once LOPEZ's associate arrived, LOPEZ went in the vehicle and retrieved a tan plastic grocery store and walked back to the CS vehicle.  Agents witnessed LOPEZ hand the CS, who was in the passenger seat of her vehicle, a plastic bag package through the passenger window and then return to his associate's vehicle.  Immediately following the meeting, agents seized possession of the package.  The package received by the CS from LOPEZ field tested positive for heroin.  The approximate weight of the heroin received from LOPEZ was one kilogram.

During subsequent recorded calls that day and leading up to January, 11, 2016, LOPEZ advised the CS that he had two more kilograms of heroin he could sell.  The CS agreed to obtain more money to purchase the additional heroin on January 11, 2016.

On January 11, 2016, LOPEZ met with the CS and an undercover officer (UC), a Hialeah Police Department Detective, at a shopping center in Miami Lakes, Florida.  LOPEZ and his associate followed the UC vehicle to an office located in Hialeah, Florida. LOPEZ, the CS, and the UC entered the office.  LOPEZ was arrested without incident.

LOPEZ's associate gave consent to search his vehicle where agents discovered a sealed white postal package with the name "Cesar" handwritten on it.  LOPEZ's associate stated that LOPEZ had entered his vehicle with the package when he picked LOPEZ up earlier in the day. A Hialeah drug K-9 unit positively alerted to drugs in the package.  LOPEZ gave verbal and written consent to open the package.  Agents found two smaller packages in the larger package, each weighing approximately one kilogram.  Both packages field tested positive for heroin.

After waiving his *Miranda* rights orally and in writing, LOPEZ indicated that he had received 3 kilograms of heroin on loan from another individual to sell to the CS and that LOPEZ was to make $2,000 per kilogram on the sale of the heroin to the CS.

WIFREDO A. FERRER
UNITED STATES ATTORNEY

Date: 3/22/16          BY: _____
ROBERT J. EMERY
ASSISTANT UNITED STATES ATTORNEY

Date: 3/12/16          BY: _____
LOUIS CASUSO
ATTORNEY FOR CESAR T. LOPEZ

Date: 3/12/16          BY: _____
CESAR T. LOPEZ
DEFENDANT